**WATZEK v WHETSTONE, Admr.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3328. Decided Sept 10, 1941

L. P. Henderson, Columbus, for plaintiff-appellee.

Peter Albietz, Columbus, and John M. Scott, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio.

The plaintiff's action against the defendant was predicated upon a claim for services alleged to have been rendered to the decedent in her lifetime under a verbal contract of hire.

The plaintiff was a niece of the decedent, Jessie C. Whetstone, and makes the claim that she performed services for her aunt in the latter's household under an oral agreement to be paid the sum of $5.00 per week.

It is further alleged that there was due plaintiff the sum of $219.00 with interest from February 13, 1939, no part of which had been paid. The defendant administrator, other than certain formal matters, denies all substantive allegations of the petition.

From the bill of exceptions it appears that the real factual difference revolves around the question as to whether or not the plaintiff was at the home of the decedent performing services for hire under an express contract, or was in the home as a visiting guest without any intention to charge for any services.

The jury returned its verdict for the plaintiff and for the full amount prayed for in the petition. Following the verdict of the jury motion for new trial was filed, overruled and judgment entered on the verdict.

Within statutory time defendant gave notice of appeal on questions of law.

Defendant-appellant's assignment of error sets out five separately numbered and stated specifications, but only two claimed errors are mentioned or argued in appellant's brief. We assume thereby that the other claimed errors are abandoned or at least have not sufficient importance to urge at this time.

We shall confine ourselves to the particular claimed errors discussed in appellant's brief.

The claimed error most seriously argued is that the Court erred in the admission of the testimony of Harold Whetstone, the administrator, called for cross-examination, the plaintiff Helen Watsek, and Stella Watsek, mother of plaintiff.

Our attention is called to §11495 GC, which section in substance provides that a party shall not testify when the adverse party * * * is an executor or administrator or claims or defends as heir, * * * etc. It is very clear that both plaintiff and defendant would come within the classification preventing their testifying.

The difficulty with defendant-appellant's position is that both the administrator and the plaintiff were called and testified without objection from the defendant. It therefore follows that defendant failed to save his record so as to present the question now being urged in the brief. There can be no question that the plaintiff was an incompetent witness, and had defendant objected to her testifying the Court would have excluded her testimony.

Counsel may not sit idly by, without objection, permit an incompetent per-

son to testify and thereafter seek to predicate error under that state of a record.

The record clearly discloses that the trial court had in mind the statutory objection to plaintiff's testifying, and near the close of her testimony in chief the trial court sustained an objection made on other grounds and called attention to the provisions of §11495 GC. Thereupon counsel for defendant moved that all the testimony of plaintiff be excluded. This motion was sustained. However, after securing this favorable ruling of the Court, counsel for defendant proceeded to cross-examine the plaintiff upon all the matters concerning which she had testified and again brought into the record plaintiff's claim as to her contract with her aunt, she having performed the services and the claimed amount still due. The administrator when called by plaintiff for cross-examination was permitted to testify without objection. It might be said that there was nothing in the testimony of this witness which could be construed as favorable to plaintiff's claim, except the formal admission that the claim had been presented to him and rejected. Even if the aforementioned section of the statute authorized the exclusion of this testimony no error is presented to the record for the reason that the evidence was introduced without objection and thereby waived and on the further ground that such testimony could not be prejudicial since it was favorable to defendant's contention.

The claim is also made that the plaintiff's mother should not have been permitted to testify, but upon what grounds we are not advised. We have no difficulty in determining that the mother was not a party to the action and was a qualified witness.

The Supreme Court of Ohio has definitely determined that the failure to object to incompetent testimony constitutes a waiver.

The case of **Stream v Barnard, Exr., 120 Oh St 206,** is directly in point and denies the claimed error.

We find no prejudicial error through the presentation of testimony.

In a very short paragraph at the close of defendant-appellant's brief the question of the weight of the evidence is made.

We have read the testimony as contained in the bill of exceptions in its entirety. It presents the usual conflict and is of such character that the jury might have returned its verdict either for the plaintiff or the defendant.

We are unable to say that the manifest weight of the evidence is with the defendant. It was entirely a jury question and the verdict having been returned for the plaintiff we will not molest it.

The judgment of the trial court will be affirmed and costs adjudged against the defendant-appellant.

Entry may be prepared accordingly.

GEIGER, PJ. & HORNBECK, J., concur.